UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TONY DRIVER                          )
                                     )
          Petitioner,                )
                                     )
     v.                              )      Cause No.  1:01-CR-97 WCL
UNITED STATES OF AMERICA,            )
                                     )
          Respondent.                )

**OPINION AND ORDER**

Before the court is Petitioner, Tony Driver's ("Driver's") filing captioned "Petition to the District Court for Issuance of a Certificate of Appealability" filed on December 20, 2007.  Although the filing is captioned in this fashion, a review of the substance of the petition is that Driver is seeking an extension of time to file a petition pursuant to 28 U.S.C. §2255.[1]

In his motion, Driver claims that he was not advised by the Seventh Circuit Court of Appeals or his counsel that his appeal (filed on May 28, 2002) was dismissed (dismissal occurred on July 1, 2003) and therefore, he is now beyond the one year limitations period for filing §2255 actions.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one year statute of limitations applies to the filing of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The limitations period begins to run from the *latest* of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to make a motion created by governmental action in violation of the Constitution or laws of the United States is

---

[1]Typically, certificates of appealability are issued after a petitioner receives an adverse determination on a properly filed petition under 28 U.S.C. §2255 and then, only if the petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. §2253(c)(2).  Driver has no properly filed §2255 petition pending and thus, his request for a certificate of appealability is moot.

   removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA's one year limitation may be extended by equitable tolling. *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000) (holding that §2255 's "period of limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling."). Equitable tolling "is granted sparingly" and is "reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing.' " *Nolan v. United States,* 358 F.3d 480, 484 (7th Cir.2004) (citing *Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir.2003)) (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000)). The Seventh Circuit observed in *Nolan* that "[e]quitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.' " *Id.* (quoting *Modrowski,* 322 F.3d at 967).   Indeed, even as of March 2007, the Seventh Circuit indicated that it has "yet to identify a factual circumstance so extraordinary that it warrants equitable tolling. *Johnson v. Chandler*, 224 Fed.Appx. 515, 519, 2007 WL 836598, **4 (7th Cir. 2007).

   What the Seventh Circuit has clearly identified, however, are circumstances that do not warrant equitable tolling.  *See Modrowski,* 322 F.3d at 967 (listing specific instances and holding that attorney incapacity does not warrant equitable tolling); *see also Lloyd v. VanNatta,* 296 F.3d 630, 633 (7th Cir.2002) (ruling that lack of access to trial transcripts does not warrant tolling); *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir.2001) (holding that an attorney's nonresponsiveness, prisoner's ignorance of the law and prison transfer do not warrant equitable tolling); *Marcello,* 212 F.3d at 1010 (ruling that tolling was not justified by opaque law and death

of attorney's father); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999) (holding that attorney's negligence does not warrant tolling). Other circuits have also identified circumstances that are not so extraordinary as to justify equitable tolling. *See, e.g., Rouse v. Lee,* 339 F.3d 238, 248-50 (4th Cir.2003) (ruling that time limits should not be tolled based on prisoner's medical condition or attorney's mistake of law); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir.2002) (finding that prisoner's inability to understand English does not warrant tolling if the limitation did not prevent access to courts); *Jones v. Morton,* 195 F.3d 153, 160 (3d Cir.1999) (ruling that prisoner's misunderstanding of AEDPA's exhaustion requirement does not excuse failure to comply with limitations requirement).

In Driver's case, his request comes well-beyond the statutory period and without extraordinary circumstances to justify the nearly 3 1/2 year delay in filing his §2255 petition. Driver's  appeal was finalized in July 2003,  which gave him a full year from then (until July, 2004) to learn the status of his case (even, if as he alleges, he had no communication with counsel) and file his §2255 petition.  It appears that he did none of these things.  Indeed, "attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures. Modrowski, 322 F.3d at 967; *Johnson v. McCaughtry,* 265 F.3d 559, 566 (7th Cir. 2001).  For this reason, there is no shortage of cases holding that allegations of attorney negligence are not grounds for equitable tolling:  See *Beery v. Ault,* 312 F.3d 948, 951 (8th Cir.2002); *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir.2002); *Ford v. Hubbard,* 305 F.3d 875, 890 (9th Cir.2002); *Wilson,* 302 F.3d at 748; *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000); *Harris v. Hutchinson,* 209 F.3d 325, 330-31 (4th Cir.2000); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999).

Driver is not without fault here.  At the very least, he could have inquired of this court or the Seventh Circuit Court of Appeals as to the status of his appeal.  Our own docket shows that Driver knew that he could contact the court as he did so by letter in August 2005, wherein he sought return of his property.  He did it again on January 25, 2006 when he sought a copy of his court record.[2] Then, on February 15, 2006, Driver again submitted a letter requesting information on filing a petition pursuant to 2255 and requesting police reports.[3]  Even after the Court responded to this last request, Driver waited nearly a year and a half to file anything further or to request relief pursuant to §2255.  Accordingly, Driver's request to extend the time to file his §2255 petition is DENIED. SO ORDERED.

This 8th day of January, 2008

> s/ William C. Lee
> United States District Court
> Northern District of Indiana

---

[2]This communication was immediately responded to by the undersigned and the Clerk who made an entry on the docket on January 27, 2006 advising Driver that the Clerk was retrieving his file from the Federal Records Center in Chicago and would mail a copy of this file to him at no charge.  A further docket entry dated February 3, 2006 shows that the Clerk sent the file to Driver but, on February 6, 2006 it was returned as undeliverable.

[3]The court again responded promptly to this request and mailed a response to Driver which was again returned as undeliverable.