UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:01-CR-97 |
| | ) | |
| TONY DRIVER | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) ("Motion to Modify") filed by the petitioner, Tony Driver ("Driver"), on January 22, 2008. Docket at 83. The United States of America ("the government") filed a response in opposition to the motion on February 14, 2008. Docket at 86. Driver did not file a reply brief, which would have been due on March 3, 2008.[1] For the reasons discussed herein, the motion to modify is DENIED.

**DISCUSSION**

On May 20, 2002, this court sentenced Driver to 57 months imprisonment on one count of bank robbery in violation of 18 U.S.C. § 2113 and a consecutive term of 84 months imprisonment on one count of brandishing a firearm during that robbery. Docket at 55. The sentencing followed Driver's guilty plea to the charges, which occurred on February 12, 2002. Docket at 51 and 52.

---

[1] While he did not file a reply brief relating to his motion to modify, the court did receive, on March 12, 2008, a Motion for Leave to Proceed *In Forma Pauperis* on Appeal, which Driver filed with the Seventh Circuit Court of Appeals. The appellate court issued an Order transferring that motion to this court, where it should have been filed initially. *See* Docket at 88. Driver's motion to proceed *in forma pauperis* on appeal is unrelated to his motion to modify his sentence and will be ruled on by way of a separate written Order.

In his present motion, Driver asks the court to reduce his sentence pursuant to "Amendment number 709 to the Federal Sentencing Guidelines." Motion to Modify, p. 1. Driver argues that "under Amendment Number 709 [I am] entitled to be resentenced because the Federal Sentencing Commission changed the list of misdemeanor and petty offenses used in determining a defendant's Criminal History score. Specifically, . . . [I] contend that [my] prior conviction[s] [in two Indiana state court cases] should not have counted pertaining to Criminal History score under Amendment number 709." *Id.*, p. 2. In addition, Driver moves the court to resentence him and "take into consideration the relevant factor[s] set forth under . . . 18 U.S.C. § 3553(a) to the extent that they are applicable . . . ." *Id.*

In its response brief, the government correctly states that Driver's "requested reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a 2007 Amendment to U.S.S.G. § 4A1.2 is not warranted because this newly enacted provision was not given retroactive application. Therefore, the Court has no jurisdiction to modify Driver's criminal history computation or his sentence." Government's Response, pp. 1-2. The government also points out that "'[a]mendments [to the Sentencing Guidelines] only apply to sentences pronounced after the changes go into force, unless the commission makes them retroactive.'" *Id.*, p. 3 (quoting *United States v. Perez*, 249 F.3d 583 (7th Cir. 2001) and *Ebbole v. United States*, 8 F.3d 530 (7th Cir. 1993)).

As the government correctly explains in its brief, the Sentencing Commission has listed several amendments to the Guidelines that courts can apply retroactively, thereby supporting a reduction in a defendant's sentence pursuant to § 3582(c)(2). That list appears in U.S.S.G. § 1B1.10 in the November 1, 2007 version of the Guidelines Manual. That Guideline section

2

became effective on March 3, 2008, and states, in relevant part, as follows:

>   (a) Authority–
>
>   (1) In General–In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's terms of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>   (2) Exclusions–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
>   (3) Limitation–Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>   . . .
>
>   (c) Covered Amendments–Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702 and 706 as amended by 711.

Obviously, Amendment 709 is not among the Amendments listed as having retroactive application.  Therefore, Driver is not entitled to have his sentence reduced or modified pursuant to 18 U.S.C. § 3582(c)(2).[2]  This court addressed this very issue recently and explained as follows:

>   A reduction of an existing sentence is consistent with Sentencing Commission policy only for guidelines amendments that are listed in U.S.S.G. § 1B1.10.

---

[2] Even if Driver were eligible for any relief under 18 U.S.C. § 3582(c)(2), he would not be entitled to a full resentencing.  *See* § 1B1.10(a)(3) above.  Consequently, his request in his motion that this court also consider the factors enumerated in 18 U.S.C. § 3553 is without merit.

>Amendment 709 is not listed in section 1B 1.10(c) and therefore cannot be applied retroactively for a sentence reduction for [the defendant], who was sentenced well before the amendment. *See United States v. McHan,* 386 F.3d 620 (4th Cir. 2004) (citing *United States v. Armstrong,* 347 F.3d 905, 909 (11th Cir. 2003) ("We agree with several of our sister circuits that have established the bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely where expressly listed under § 1B1. 10(c).")* (emphasis added). Therefore, a reduction of [the defendant's] sentence based on Amendment 709 is not consistent with Sentencing Commission policy and is not authorized. *United States v. Beasley,* 2007 WL 4390380, *1 (S.D. Ill., Dec. 14, 2007) ("Amendment 709 does not apply retroactively pursuant to section § 3582 because it is not included in section 1B1.10(c)'s list of retroactively applicable amendments."); *Ellis v. United States,* 2008 WL 162155 * 1 (N.D. Ohio, Jan. 16, 2008) ("[T]here is *no* retroactive application of Amendment 709, pertaining to criminal history calculations. Quite simply, Amendment 709 was not included among those sections which have been granted retroactive application.").

*United States v. Snyder*, 2008 WL 370663 * 3 (N.D. Ind., Feb. 11, 2008). Accordingly, Driver is not entitled to relief under 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the reasons discussed herein, the motion to modify sentence filed by petitioner Tony Driver is DENIED.

Date: March 27, 2008.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

4